```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

SCOTT MULLIN and
ANDREW KEITH,
    Plaintiffs,


    v.                                              CIVIL ACTION NO.
                                                       19-11028-MBB

BAYLINE, INC.
    Defendant.


**MEMORANDUM AND ORDER RE:
PLAINTIFFS' MOTION TO RECONSIDER THE
COURT'S APRIL 5, 2021 ORDER
(DOCKET ENTRY # 43)**

**December 3, 2021**

**BOWLER, U.S.M.J.**

    Plaintiffs Scott Mullin ("Mullin") and Andrew Keith ("plaintiffs") move to reconsider an April 5, 2021 Order (Docket Entry # 42) allowing, in part, a spoliation motion (Docket Entry # 35) filed by defendant Bayline, Inc. ("defendant"). (Docket Entry # 43). After conducting a hearing, this court took the motion (Docket Entry # 43) under advisement. Familiarity with the record is presumed.

<u>DISCUSSION</u>

    The standard to merit reconsideration is difficult to meet. <u>See</u> <u>Mulero-Abreu v. Puerto Rico Police Dept.</u>, 675 F.3d 88, 95 (1st Cir. 2012). To succeed, "'the movant must demonstrate either that newly discovered evidence (*not previously available*)

has come to light or that the rendering court committed a manifest error of law.'" Id. (citation omitted) (emphasis added); accord Ellis v. United States, 313 F.3d 636, 648 (1st Cir. 2002) (reconsideration "warranted if there has been a material change in controlling law" or "newly discovered evidence bears on the question"); see Guadalupe-Baez v. Pesquera, 819 F.3d 509, 518 (1st Cir. 2016) ("motion must either establish a clear error of law or point to newly discovered evidence of sufficient consequence to make a difference").  The existence of a manifest injustice also provides a basis for reconsideration.  Ellis, 313 F.3d at 648.  The manifest injustice exception "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong."  Id.

To support reconsideration, plaintiffs improperly rely on evidence previously filed in conjunction with the spoliation motion.  (Docket Entry # 43-4) (Docket Entry # 38-2, p. 4); (Docket Entry # 43-2, p. 3) (Docket Entry # 35-1).  This evidence is not newly discovered evidence.  See Mulero-Abreu, 675 F.3d at 95.  Plaintiffs also submit evidence previously available at the time they filed their opposition to the spoliation motion.  (Docket Entry # 43-1) (November 2017 email);

(Docket Entry # 43-3) (June 2018 letter).  A motion for reconsideration, however, "'"does not allow a party to introduce new evidence . . . that could and should have been presented to the district court"'" previously.  Trout v. Organización Mundial de Boxeo, Inc., 965 F.3d 71, 77 (1st Cir. 2020) (citation omitted); accord Mulero-Abreu, 675 F.3d at 95.

In seeking reconsideration, plaintiffs also repeat a previously made argument that Mullin did not breach a duty to preserve the vessel because the vessel was not in his possession, custody, or control.  (Docket Entry # 38, p. 5) (Docket Entry # 43, pp. 3-4).  Rather, the "vessel was in the possession of a third-party," namely, Mullin's insurance carrier, Progressive Insurance Company ("Progressive").  (Docket Entry # 43, p. 4) (Docket Entry # 38, pp. 5-6).  This court rejected the argument as a basis to deny the spoliation motion and imposed a sanction allowing the trier of fact to draw an adverse inference or to reject such an inference.  (Docket Entry # 42, pp. 11-12, 18) (citing Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 177 (1st Cir. 1998)).  In doing so, this court assumed that the vessel "'must be in the party's possession, custody, or control for any duty to preserve to attach.'"  (Docket Entry # 42, p. 16) (quoting Ortiz v. City of Worcester, No.

3

4:15-cv-40037-TSH, 2017 WL 2294285, at *2 (D. Mass. May 25, 2017)). As also determined by this court, the fact that Progressive took possession of the vessel did not immediately relieve or absolve Mullin of his duty to preserve the vessel in the possession of *his* insurance carrier. (Docket Entry # 42, pp. 16-18) (collecting cases); see Trull v. Volkswagon of Am., Inc., 187 F. 3d 88, 95 (1st Cir. 1999).

To the extent plaintiffs maintain this court committed a clear error of law, they rely on Townsend v. Am. Insulated Panel Co., Inc., 174 F.R.D. 1 (D. Mass. 1997), in which an injured plaintiff never had possession, custody, or control of the spoliated evidence (a freezer) where she worked. Id. at *4. Rather, the plaintiff's employer, Hilltop Steakhouse Marketplace ("Hilltop"), owned the freezer, and destroyed or lost it when Hilltop moved to another location. Id. at *3-4 ("plaintiff did not destroy or lose the walk-in freezer, Hilltop did," and their common interest in outcome of case did "not make them agents for each other" or put the freezer in the plaintiff's "possession, custody or control"). Townsend is distinguishable on the basis that the plaintiff never had possession, custody, or control of the freezer (let alone ownership), whereas Mullin had control of the vessel in the hands of his insurance carrier during the

4

relevant time period.

Taking a somewhat different tack, plaintiffs attempt to blame Bayline for the destruction because it "did nothing" in response to a November 7, 2017 letter (Docket Entry # 43-2, p. 3) and a June 21, 2018 letter (Docket Entry # 43-3) from Mullin's counsel until the fall of 2018 and even then did not ask to view the vessel.  (Docket Entry # 43).  First, in drawing an analogy to Townsend (Docket Entry # 43, p. 4), plaintiffs rely on dicta.  See Townsend, 174 F.R.D. at 5 (freezer's manufacturer "AIPC did not try very hard to obtain an inspection after the initial rebuff," "did not contact plaintiff's counsel to" organize "effort to persuade Hilltop to allow the inspection," and "did nothing in order to learn the identity of the workers' compensation carrier").  Second, this court finds that Bayline did not do nothing and, in fact, requested information in mid-November 2017 regarding the claim and the contact information for Progressive's adjuster, which, at a minimum, was not provided for several months.  (Docket Entry # 45-1, ¶ 5).  Bayline's liability insurance carrier also responded to the June 21, 2018 letter in a timely manner on July 9, 2018.  (Docket Entry # 45-1, ¶ 7).  Plaintiffs' argument regarding Bayline's delay does not warrant reconsideration, and

5

the facts do not support it.

Moreover, the chosen sanction remains appropriate because, as determined by this court, "Mullin knew or reasonably should have known about the critical relevance of the vessel to anticipated litigation regarding the faulty repair claims" (Docket Entry # 42, p. 16).  See also Testa, 144 F.3d at 178 (knowledge of claim or relevance of the spoliated evidence depends on "aggregate knowledge possessed by a party and its agents").  This court's finding of the severe prejudice to Bayline (Docket Entry # 42, pp. 13-15) continues to warrant the imposition of the sanction imposed by this court.  In addition, for all of the reasons Bayline presents (Docket Entry # 45), allowing reconsideration is not appropriate.  Plaintiffs' alternative request to certify an interlocutory appeal under 28 U.S.C. § 1292(a)(3) is likewise inappropriate.

## CONCLUSION

The motion for reconsideration or, in the alternative, to certify an interlocutory appeal (Docket Entry # 43) is **DENIED**.

                              /s/ Marianne B. Bowler
                          **MARIANNE B. BOWLER**
                          United States Magistrate Judge